UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASTLETON COMMODITIES SHIPPING CO. PTE LTD. | * | CIVIL ACTION |
| | * | NO. |
| VERSUS | | |
| HSL SHIPPING & LOGISTICS (NA) INC. (formerly known as HUDSON SHIPPING LINES, INC.) | * | SECTION |
| | * | JUDGE |
| | | MAG. |

**<u>VERIFIED COMPLAINT PURSUANT TO SUPPLEMENTAL RULE B</u>**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, CASTLETON COMMODITIES SHIPPING CO. PTE LTD. ("CCS" or "Plaintiff"), and for its Verified Complaint against Defendant, HSL SHIPPING & LOGISTICS (NA) INC. (formerly known as HUDSON SHIPPING LINES, INC.) ("HSL" or "Defendant"), owner of bunker fuel onboard the M/V SILVER NAVIGATOR, respectfully represents upon information and belief as follows:

1.

This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court all within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper pursuant to 28 U.S.C. § 1333, 9 U.S.C. § 201 *et seq.* and Rule 9(h) of the Federal Rules of Civil Procedure.

2.

This Complaint is instituted in accordance with the provisions of Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Certain Forfeiture Actions of the Federal Rules of Civil Procedure and in accordance with the provisions of Title 9 of the United States Code, § 201 *et seq.*, in order to obtain security pending a judgment of this Court

and/or an award in foreign arbitration, and without waiver of the rights of Plaintiff, to attach other assets belonging to Defendant, in order to fully secure Plaintiff's claims as more fully described herein.

3.

At all times material hereto, Plaintiff CCS, was, and still is, a foreign company duly organized and operating under Singaporean law with a place of business at c/o Castleton Commodities International, LLC, 2200 Atlantic Street, Suite 800, Stamford, CT 06902 and is engaged in international commerce involving the trading and transportation of various bulk cargoes.

4.

At all times material hereto, Defendant HSL was, and still is, a domestic corporation, or other business entity, organized and operating under, and existing by virtue of, Illinois law, with a place of business at 1650 Lake Cook Road, Deerfield, IL 60015 and was, upon information and belief, at all times material hereto the charterer of the motor vessel SILVER NAVIGATOR.

5.

On or about 11 April 2014, Plaintiff and Defendant entered into two bareboat charterparties, in which Plaintiff, as disponent vessel owner, agreed to charter newbuild bulk carriers to the Defendant, as time charterer, for a period of seven years. *A copy of the bareboat charterparties is annexed hereto as Exhibits 1 and 2 and hereinafter are referred to as the "Charters."*

6.

The ships to be chartered pursuant to the Charters are nearing finalized construction at a shipyard in Japan and Plaintiff has served notice to the Defendant of its intention to deliver both ships into Defendant's service under the Charters.

7.

As a result of the Defendant's failure to pay a sum of money into an escrow account to stand as security for its' obligations under the Charters, the Plaintiff commenced London arbitration before the London Maritime Arbitration Association ("LMAA"), in order, *inter alia*, to confirm the validity of the Charters and to compel Defendant to pay the sums into an escrow account. *A copy of Plaintiff's arbitration demand dated April 2, 2015 is attached hereto as Exhibit 3*.

8.

Plaintiff and Defendant submitted arbitration briefs and presented witnesses at hearings conducted in London, England, and on May 10 2016, the LMAA tribunal issued a Partial Final Award in Plaintiff's favor and ordered Defendant "… to co-operate with Castleton in establishing a Joint Order Escrow Agreement, and thereupon pay into the Joint Order Escrow Account to be opened pursuant thereto the Initial Cash Amount of US $3 million per Vessel, and such other amounts as are presently due by way of security …" *See Partial Final Award at 77 dated May 10, 2016 attached hereto as Exhibit 4.*

9.

Following issuance of the Partial Final Award, the Plaintiff served a demand on the Defendant to agree to a proposed Joint Order Escrow Agreement and to fund the Joint Order Escrow Account.

10.

Defendant failed and refused to cooperate with the Plaintiff and thus a Joint Order Escrow Agreement was not established and a Joint Order Escrow Account was not funded.

11.

On May 19, 2016 the Plaintiff terminated the Charters based on the Defendant's repudiatory breaches of its obligations thereunder. *See Plaintiff's termination notice to Defendant dated May 19 2016 attached hereto as Exhibit 5.*

12.

As best as may be presently estimated, the Plaintiff calculates its damages due to Defendant's aforesaid repudiatory breaches of the Charters as $8,040,155, calculated on the basis of the total bareboat hire obligation owed by HSL under the Charters over the seven year period ($40,129,200) less the fair market value of the vessels in the charter market over the equivalent period ($32,089,045).

13.

The LMAA tribunal has continuing jurisdiction of disputes arising under the Charters and Plaintiff will seek to recover its aforesaid damages in further proceedings in the London arbitration before the LMAA tribunal.

14.

Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration conducted pursuant to English law. As best as can now be estimated, Plaintiff expects to recover the principal amount of $8,040,155, plus interest, costs, and attorneys' fees in an

amount estimated at 50% of the principal amount, for a total anticipated award of $12,060,232, in respect of HSL's breaches of its obligations under the Charters.

**Request for Rule B Relief**

15.

Defendant, HSL, has no offices or place of business in the State of Louisiana and no agent for service of process and cannot be found within this district or within the State of Louisiana for the purpose of Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. However, defendant HSL has, or will shortly have, assets, including, but not limited to, bunker fuel currently onboard, or to be loaded aboard, the M/V SILVER NAVIGATOR, which is now, or will be during the pendency of this action, afloat on the navigable waters of this district, specifically at United Bulk Terminal, at 14537 Highway 15, Davant, Louisiana, Mile 56.0 AHP, which is within the jurisdiction of this Honorable Court.

16.

Plaintiff accordingly seeks to attach HSL's property within this jurisdiction, including but not limited to the bunker fuel currently onboard the M/V SILVER NAVIGATOR pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure by writ of foreign attachment to be issued against the bunker fuel currently onboard the M/V SILVER NAVIGATOR.

17.

In addition, Plaintiff seeks to garnish funds, chattels, property and other goods, including but not limited to bills of lading, belonging to HSL in the possession of the local agent of the M/V SILVER NAVIGATOR, T. Parker Host, Inc., 365 Canal Street, Suite 2500, New Orleans,

LA 70130, through service of a writ of garnishment and garnishment interrogatories on T. Parker Host, Inc.

18.

The total quantum of the property to be attached is $8,040,155, and the amount of security required for the release thereof, as calculated herein, should be no less than 150% of that amount or $12,060,232.

19.

This attachment pursuant to Supplemental Rule B is specifically sought to secure Plaintiff's claim against HSL in London arbitration pursuant to 9 U.S.C. § 208.

20.

All and singular the foregoing premises are true and correct and within the Admiralty and Maritime Jurisdiction of this Honorable Court.

**WHEREFORE,** Plaintiff prays that:

1) Process in due form of law issue pursuant to Supplemental Rule B, and that Defendant's property within this District, including but not limited to bunker fuel currently onboard the M/V SILVER NAVIGATOR, be attached in the proceeding to the amount of the Plaintiff's claims stated herein, inclusive of recoverable costs, fees and interest, pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

2) Defendant, HSL, be summoned to appear here and answer all and singular, all of the allegations aforesaid under oath;

3) The Court retain jurisdiction over the Defendant's bunker fuel onboard the M/V

SILVER NAVIGATOR in order to enter a judgment upon any decree in these proceedings and/or the London arbitration proceeding;

4) Alternatively, that the said bunker fuel be released upon the posting by Defendant of security in an acceptable form in the amount of no less than $12,060,232;

5) If the Defendant fails to post security in an acceptable form and amount, that the Defendant's property as described herein be condemned and sold to satisfy the Plaintiff's claims herein;

6) Alternatively, pursuant to Rule 64 of the Federal Rules of Civil Procedure, that at the commencement and during the courts of this action, Plaintiff be permitted to avail itself of all remedies providing for the seizure of property for the purpose of securing satisfaction of the judgment ultimately to be entered in this action, as available under the circumstances and in the manner provided by the laws of the State of Louisiana;

7) That pursuant to 9 U.S.C. §§ 201. *et seq.*, and/or the doctrine of comity, this Honorable Court recognize and confirm any foreign judgment(s), or arbitration award(s), rendered on the claims had herein as judgment(s) of this Court;

8) That Plaintiff be awarded its attorney's fees and costs of this action; and

9) That Plaintiff be granted all such other and further relief as equity, justice and the nature of this case will allow.

Respectfully submitted,

/s/ G. Beauregard Gelpi
_____
G. BEAUREGARD GELPI, T.A. (#18226)
THOMAS J. WAGNER (#13143)
WAGNER, BAGOT & RAYER, LLP
Pan American Life Center - Suite 1660
601 Poydras Street
New Orleans, Louisiana 70130
Telephone: 504-525-2141
Facsimile: 504-523-1587
E-mail: bgelpi@wb-lalaw.com
E-mail: twagner@wb-lalaw.com
Attorneys for Plaintiff Castleton Commodities Shipping Co. Pte Ltd.

and

PATRICK F. LENNON
KEVIN J. LENNON.
LENNON, MURPHY & PHILLIPS, LLC
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone: (212) 490-6050
Facsimile: (212) 490-6070
E-mail: pfl@lmplaw.net
E-mail: kjl@lmplaw.net

## INSTRUCTIONS FOR U.S. MARSHAL

Please issue a warrant of arrest and arrest
Defendant's bunker fuel currently onboard the
M/V SILVER NAVIGATOR, located at
United Bulk Terminal
14537 Highway 15
Davant, Louisiana
Mile 56.0 AHP

## PLEASE SERVE:

Pursuant to the Louisiana Long Arm Statute, La. R.S. 13:3201, *et seq.*
HSL Shipping & Logistics (NA) Inc. formerly known as Hudson Shipping Lines Inc.
1650 Lake Cook Road, Deerfield, IL 60015

Master of the M/V SILVER NAVIGATOR

T. Parker Host, Inc.
365 Canal Street, Suite 2500
New Orleans, LA  70130