UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASTLETON COMMODITIES SHIPPING CO. PTE LTD. | * | CIVIL ACTION |
| | * | NO. 2:16-cv-6619 EEF-DEK |
| VERSUS | * | JUDGE ELDON E. FALLON |
| HSL SHIPPING & LOGISTICS (NA) INC. (formerly known as HUDSON SHIPPING LINES, INC.) | * | MAG. DANIEL E. KNOWLES |
| | * | |

\* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
MOTION TO RETURN THE LETTER OF UNDERTAKING**

Hudson Shipping Lines, Inc., ("Hudson Liberia"), files the following brief in support of its Motion to Return the Letter of Undertaking, as a result of this Court dismissal of all claims asserted by Castleton Commodities Shipping Co. Pte. Ltd. ("Castleton") in this suit.

On May 25, 2016, Castleton filed its Verified First Supplemental and Amending Complaint [Doc. 11] seeking security under Admiralty Rule B for a London arbitration proceeding arising out of the alleged breach of two bareboat charterparties, and attached bunker fuel onboard *M/V Silver Navigator* that was property of Hudson Liberia. Hudson Liberia argued that the contracts which were the basis for Castleton's attachments were non-maritime in nature and that this Court did not have subject matter jurisdiction. On August 19, 2016, after the Court reviewed the briefs and the applicable law, as well as the arguments articulated by counsel at oral argument, the Court issued an Order & Reasons [Doc. 54-1] holding that the contracts at issue are non-maritime and that subject matter jurisdiction does not exist under 28 U.S.C. § 1333.

The bunkers attached were released on the basis of a Letter of Undertaking issued by Assuranceforeningen Skuld (Gjensidig)[1]. Since the Court dismissed Castleton's claims for lack of subject matter jurisdiction, the security, Letter of Undertaking, shall be released and return to the undersigned counsel.[2]

Accordingly, because the Court dismissed this action for lack of subject matter jurisdiction, Hudson Liberia urges this Court to order Castleton to return the Letter of Undertaking to the undersigned counsel without further consideration.

Respectfully submitted,

By: /s/Anacarolina Estaba
Anacarolina Estaba
TBA No. 24085298
Peter A McLauchlan
TBA No. 13740900
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 2000
Houston, Texas  77002
713-276-5500 (Telephone)
713-276-5555 (Facsimile)
**ATTORNEYS FOR HUDSON SHIPPING LINES, INC. (LIBERIA)**

---

[1] May 22, 2016 Letter of Undertaking signed by Assuranceforeningen Skuld (Gjensidig).  **(Exhibit 1)**.

[2] *See Jet Line Services, Inc. v. M/V Marsa El Hariga*, 462 F.Supp. 1165, (D. Maryland, 1978), Jet Line arrested and attached *M/V Elrakwa. Id.* 1173.  Jet Line released the ship on the basis of a Letter of Undertaking signed by The West of England (P&I Club).  *Id*.  The Court found the vessel was improperly seized as means of securing jurisdiction in order to collect for services provided.  *Id*. 1177.  Accordingly, the Court granted defendant's motion to dismiss and, motion to vacate, and release security.  Id.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served by electronic mail or CM/ECF through the Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure on this 25th day of August 2016.

                                                  /s/Anacarolina Estaba
                                                  Anacarolina Estaba