UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CASTLETON COMMODITIES SHIPPING CO. PTE LTD.** | CIVIL ACTION |
| V. | NO. 16-6619 |
| **HSL SHIPPING & LOGISTICS NA, INC., ET AL.** | SECTION "L" (3) |

### ORDER & REASONS

The Court has received the Plaintiff's Motion to Stay the Proceedings, R. Doc. 51, and the Motion for an Expedited Hearing on the Motion to Stay, R. Doc. 52. Defendant, HSL Shipping & Logistics, filed an Opposition to the Motion to Expedite, R. Doc. 53. Having reviewed the Parties' arguments and the applicable law, the Court now issues this Order & Reasons.

**I.     BACKGROUND**

This case arises out of two contracts which the Plaintiff claims are for bareboat charterparties (the "Charters"). On or about April 11, 2014, Castleton Commodities Shipping Co. PTE LTD. ("Castleton") and HSL contracted for Castleton to charter two "newbuild bulk carriers" to HSL Shipping for three-to-seven years. R. Docs 2, 3. Under the terms of the contracts, HSL was required to purchase the vessels at the end of the charter with the charter payments to be credited to the sale price. When HSL Shipping failed to pay a security for the Charters into an escrow account, Castleton commenced arbitration before the London Maritime Arbitration Association ("LMAA"). R. Doc. 4. On May 10, 2016, the LMAA issued a Partial Finding Award in Castleton's favor and ordered HSL Shipping "to co-operate with Castleton in establishing a Joint Order Escrow Agreement, and thereupon pay into the Joint Order Escrow Account to be opened pursuant thereto the Initial Cash Amount of US $3 million per Vessel . . ." R. Doc. 5. According to Castleton, HSL refused to comply with the LMAA's order. R. Doc. 1 at 4. Castleton consequently

terminated the Charters based on HSL's purported repudiatory breaches of its obligations. R. Doc. 1 at 4. Castleton estimates its damages from the breach total $8,040,155 as to the principal amount and $12,060,232 in total after adding interest, costs, and attorneys' fees. R. Doc. 1 at 4–5.

On May 19, 2016, Castleton filed a Complaint against HSL Shipping in the Eastern District of Louisiana. Asserting admiralty jurisdiction and citing Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, Castleton sought the seizure of HSL property: to wit, bunker fuel aboard the M/V SILVER NAVIGATOR, which at that time was located at United Bulk Terminal, 14537 Highway 15, Davant, Louisiana, Mile 650 AHP, and therefore within the jurisdiction of the Court. R. Doc 2. Castleton also sought to garnish funds, chattels, property, and other goods belonging to HSL in the possession of the M/V SILVER NAVIGATOR. R. Doc. 3. The Court granted the motions after determining that the premises for attachment and garnishment appeared to exist on the facts as pled by Castleton. R. Docs. 6, 7.

On May 25, 2016, Castleton filed an Amended Complaint asserting alter-ego liability as to a new defendant, Hudson Shipping Lines, Inc. Liberia ("HSL Liberia"). R. Doc. 11. According to Castleton, HSL Liberia is a shell corporation through which HSL "has commenced its business of chartering vessels, purchasing bunkers and shipping cargo as a means to shield it from liabilities of creditors such as Plaintiff." R. Doc. 11 at 9.

On June 2, 2016, HSL filed a Motion to Vacate, R. Doc. 16, on the grounds that the Court lacks admiralty jurisdiction over Castleton's claims. HSL argued that "vessels under construction give rise to neither a maritime contract nor a maritime tort." *Cain v. Transocean Offshore USA, Inc.*, 518 F.3d 295, 301 (5th Cir. 2008). Castleton opposed the Motion, and urged three arguments in support of its position that both of the Charters are maritime contracts: (1) HSL's primary obligation under the Charters is to lease the Vessels; (2) the Court has the discretion to sever any

non-maritime portions of the Charters and retain admiralty jurisdiction; and (3) the vessels were launched prior to the filing of the instant suit, which is dispositive on the issue of admiralty jurisdiction over a maritime contract. R. Doc. 30. However, the Court found that the "principle objective" of the Charters was the construction and sale of vessels, and contracts for the construction and sale of vessels do not sound in admiralty. *See Norfolk S. Ry. Co. v. Kirby,* 543 U.S. 14, 25 (2004); *North Pac. S.S. Co. v. Hall Bros. Marine Ry. & Shipbuilding*, 249 U.S. 119, 126–27 (1919). Therefore, the Court granted Defendant HSL's Motion to Vacate and Dismiss.

## II.   PRESENT MOTIONS

Following the Court's Order dismissing Plaintiff's claims for lack of subject matter jurisdiction, Defendant HSL filed a Motion for Return of Property. R. Doc. 50. HSL sought the return of the Letter of Undertaking, which was issued as security in this matter. R. Doc. 50. In turn, Plaintiffs filed a Motion to Stay the Proceedings pending appeal, R. Doc. 51, and a corresponding Motion to Expedite the Hearing on the Motion to Stay, R. Doc. 52. In its Motion, Plaintiff contends Castleton will suffer irreparable harm unless this Court stays the proceeding pending appeal. According to Castleton, if the Letter of Undertaking is released, any appeal would be meaningless, as there would be no assets to proceeds against on remand. Furthermore, Castleton argues that the Defendants will not be harmed by such a stay, as they have only furnished a Letter of Undertaking, rather than cash or bond as security. Additionally, Castleton filed a Motion to Expedite the Motion to Stay. R. Doc. 52. Defendant HSL opposes the Motion, R. Doc. 53, arguing no expedited hearing was warranted.

## III.   LAW AND ANALYSIS

District courts have broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Section 1292 provides that "application for an appeal hereunder shall not stay

proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292. When considering a motion for a stay pending appeal, the Court employs the following four-part test: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest. *Ruiz v. Estelle,* 666 F.2d 854, 856 (5th Cir. 1982); *Meyers v. Chesterson*, No. CIV.A. 15-292, 2015 WL 3797139, at *4 (E.D. La. June 18, 2015).

Here, the Court finds that the second and third factors weigh in favor of a stay. First, it is probable that Castleton will suffer irreparable harm if the stay is not granted. Second, because the security is a Letter of Undertaking rather than cash or other property, the Defendants will not suffer irreparable harm as a result of the stay. Finally, granting a stay in this matter does not harm the public interest. As such, the Court finds it appropriate to exercise its discretion to grant a stay in this case.

## IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Castleton's Motion to Stay, R. Doc. 51, is **GRANTED,** and this matter is hereby **STAYED** and **CLOSED** pending appeal.

New Orleans, Louisiana, this 6th day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE