IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASTLETON COMMODITIES SHIPPING CO. PTE. LTD., | * * * | No. 2:16-CV-6619 Judge Fallon |
| vs. | * * | Magistrate Knowles Section L (3) |
| HSL SHIPPING & LOGISTICS NA INC. (f/k/a Hudson Shipping Lines Inc.) | * * * | |

# MEMORANDUM OF HUDSON LIBERIA
## IN SUPPORT OF MOTION TO RECONSIDER STAY ORDER

Hudson Shipping Lines Inc. ("Hudson Liberia"), through its restricted appearance under Rule E(8), asks this Court to vacate its Order and Reasons (Doc. 55) entered September 6, 2016.

This Court should vacate the order for four basic reasons:

- Castleton made no showing of likelihood of success on appeal.

- Castleton made no showing it would incur harm absent a stay.

- Hudson Liberia will be harmed by not recovering the Letter of Undertaking now.

- Any stay should be conditioned on (a) an actual appeal, and (b) posting a bond.

The Court granted the motion to stay filed by Castleton Commodities Shipping Co. Pte. Ltd. ("Castleton") three weeks before the submission date, two weeks before the deadline for response, and without giving the defendants notice of an expedited briefing schedule or a ruling on the motion to expedite ruling, which the defendants opposed. Moreover, the Court has not ruled on Hudson Liberia's motion for return of its Letter of Undertaking (Doc. 50). Because the Court only had Castleton's position before it, and assumed the accuracy of those representations and legal citations, it issued an order granting a stay that reflects manifest errors of fact and of law, and that works a substantial injustice and prejudice against Hudson Liberia.

I.    **Standard for motion to reconsider.**

Because Hudson Liberia submits its Motion for Reconsideration within twenty-eight (28) days – exclusive of weekends and holidays as contemplated by Rule 6(a) of the Federal Rules of Civil Procedure – from the September 6, 2016, entry of the order granting a stay pending appeal, this pleading is treated as a motion to alter or amend under Rule 59(e).[1]  While Rule 59 does not list specific grounds for relief, the court may consider such factors as: (1) whether the judgment is based upon a manifest error of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) whether reconsideration is necessary to prevent injustice; or (4) an intervening change in controlling law.[2]

II.   **This Court's stay is based on manifest errors of law and fact.**

As the Court recognized in its Order, a federal district court considers four factors in deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[3]  While each part must be met, the appellant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting

---

[1] *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986), *cert. denied*, 479 U.S. 930 (1986); *Ross v. Global Marine, Inc.*, 859 F.2d 336, 337-38 (5th Cir. 1988); *Gems Worldwide Distributors, Inc. v. Optical Micro Systems, Inc.*, 1996 WL 116222 *1 (E.D.La. Mar 14, 1996).

[2] Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, §2810.1.

[3] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Meyers v. Chesterton*, Civ. Action No. 15-292, 2015 WL 3797139, *4 (E.D. La. Jun. 18, 2015).

the stay.[4] Nonetheless, "each part must be met" and "[f]ailure to satisfy one of the four prongs listed above defeats a motion to stay."[5]

Further, although the Court has some discretion regarding whether or not to grant a stay, the Fifth Circuit has instructed that "the exercise of that discretion is not unbridled but rather, the court must exercise its discretion in light of" the four criteria listed above.[6]

### A. This Court did not find likelihood of success on appeal.

Despite recognizing that the Fifth Circuit requires a "strong showing" by the stay applicant that it is "likely to succeed on the merits" of its appeal, the Court made no finding as to the critical first factor of the *Ruiz* standard. Respectfully, that alone warrants reconsideration.

The Fifth Circuit discussed and emphasized the importance of the first factor in *Ruiz v. Estelle*, cited in this Court's order, when it recognized the "widely held view that a stay can never be granted unless the movant has shown that success on appeal is probable."[7] In a subsequent appeal in the same case, the Fifth Circuit addressed the importance of this factor:

> In granting the stay in *Ruiz I*, we held that "on motions for stay pending appeal the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." [citing *Ruiz I*, 650 F.2d at 565.] In the short time that has elapsed since Ruiz I, many applicants for stay seem to have assumed that Ruiz I was a coup de grace for the likelihood-of-success criterion in this circuit. This assumption, however, is unwarranted, for it ignores that careful language of Ruiz

---

[4] *Harrison*, 2007 U.S. Dist. LEXIS 34644 at *4; *Smith v. Schmidt*, Civ. A. 07-126, 2007 U.S. Dist. LEXIS 41901, *12-13 (S.D.Tx. Jun. 8, 2007) ("[f]ailure to satisfy one of the four prongs listed above defeats a motion to stay"); *In re: Texas Equip Co., Inc.*, 283 B.R. 222, 227 (Bankr. N.D.Tex. 2002) ("In the Fifth Circuit, each of these elements must be met by the party requesting the stay."); *S.C. of Okaloosa, Inc.*, Civ. A. 06-1058, 2006 U.S. Dist. LEXIS 57187 (W.D.La. Aug. 14, 2006) ("each part of the test must be met").

[5] *Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001) ("each part must be met"); *Smith*, 2007 U.S. Dist. LEXIS 41901 at *12-13.

[6] *In re: First South Sav. Assoc.*, 820 F.2d 700, 709 (5th Cir. 1987).

[7] *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) ("Ruiz I").

3

> I.  **Likelihood of success on the merits remains a prerequisite in the usual case even if it is not an invariable requirement.  Only "if the balance of equities (i.e. consideration of the other three factors) is... heavily tilted in the movant's favor" will we issue a stay in its absence, and, even then, the issue must be one with patent substantial merit.** *Id.* at *565-66.*[8]

In addition to quoting *Ruiz I* for the legal standard applicable to a motion to stay, the Court cited its recent holding in *Meyers v. Chesterton.* In *Meyers*, the Court correctly affirmed that "[t]he first requirement is the most critical requirement," and refused to grant a stay pending appeal, writing: "Given that the Court correctly applied the law in determining that Defendant Crane failed to demonstrate federal removal jurisdiction over the Plaintiffs' claims, Crane cannot show that success on the appeal is probable."[9]  The Court then considered the remaining factors in light of the weak showing of likelihood of success on appeal –as *Ruiz I* and *Ruiz II* instruct.

Here, this Court did not find that Castleton had shown a likelihood of success on the merits.  Moreover, Castleton offered no substantive basis upon which the Court could have found a likelihood of success on the merits, instead simply repeating in cursory fashion the same tired arguments that it has already made.  As was Your Honor's conclusion in *Meyers*, where a party offers no basis to conclude that the order appealed from was wrong, it fails to meet the first requirement for a stay pending appeal and no stay should be issued.  Respectfully, the Court's departure from the *Ruiz* analysis and from its own recent application of *Ruiz* in *Meyer* represents manifest error of law and warrants reconsideration.

**B.  Castleton did not show it will suffer irreparable harm if no stay is granted.**

In its motion, Castleton suggested that "the loss of pre-judgment security would cause Castleton irreparable harm."[10]  The Court, in turn, adopted this position in its order, summarizing

---

[8] *Ruiz v. Estelle*, 666 F.2d 854, 856-57 (5th Cir. 1982) ("Ruiz II") (emphasis added).

[9] *Meyers*, 2015 WL 3797139 at *4.

[10] Castleton's Memorandum in Support of Motion for Stay, Rec. Doc. 51-1, p. 3.

4

Castleton's argument and finding that "it is probable that Castleton will suffer irreparable harm if the stay is not granted." That was wrong, because Castleton offered no proof.

When considering requests for a stay pending appeal, this Court and the Fifth Circuit (and numerous others) have recognized that, "[b]y definition, 'irreparable injury' is that for which compensatory damages are unsuitable."[11] Based on that rule, the Court in *Freret Marine Supply v. M/V ENCHANTED CAPRIS* found that no irreparable injury was threatened (and therefore no stay warranted) where a lien claimant appealed the Court's determination that it did not possess a maritime lien.[12] Notably, the Court did so despite finding that the property against which the lien was asserted – funds deposited into the registry following the judicial auction of a seized vessel – would be disbursed to other claimants during the pendency of any appeal.[13]

Similarly, in *Leinstar Inter S.A. v. Botley Ltd.,* the U.S. District Court for the Southern District of New York denied a motion to stay an order vacating an Admiralty Rule B attachment based, in part, upon finding that the attaching creditor had failed to establish an irreparable injury absent a stay.[14] In reaching its decision, the Court held that "[t]o establish irreparable harm, the injury alleged must be one requiring a remedy of more than mere money damages," and found that this standard was not met "since the only loss [the creditor] alleges will be monetary."[15]

Where a plaintiff claims only money damages that may result from the denial of a stay pending appeal, courts *may* still find irreparable harm where the plaintiff makes an additional

---

[11] *Freret Marine Supply v. M/V ENCHANTED CAPRIS*, 2002 U.S. Dist. LEXIS 19703, *15 (E.D.La. Oct. 15, 2002) (quoting *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24 (5th Cir. 1992)).

[12] *Freret Marine Supply*, 2002 U.S. Dist. LEXIS 19703 at *15.

[13] *Id.*

[14] *Leinstar Inter S.A. v. Botley Ltd.*, 2009 U.S. Dist. LEXIS 122628, at *2-3 (S.D.N.Y. Dec. 30, 2009).

[15] *Id.* at *2 (*quoting Ford v. Reynolds*, 316 F.3d 351, 355 (5th Cir. 2003)).

5

evidentiary showing. Specifically, "monetary injury *may* suffice to establish irreparable harm in situations where the party that might ultimately be ordered to pay the monetary damages is insolvent or facing imminent bankruptcy, or is in a perilous financial state."[16] The burden of such an evidentiary showing is on the party requesting the stay.[17] Castleton has made no such showing as to either Hudson Liberia or HSL Shipping.[18]

With all due respect to this Honorable Court, by adopting Castleton's statement that it would suffer irreparable harm absent a stay the Court committed manifest error of both law and fact. As a principal of law, irreparable harm cannot be found where Castleton's only alleged harm will be compensable by monetary relief. As an issue of fact, Castleton made no showing that it will suffer any actual irreparable harm (*i.e.*, any harm that is not monetary and readily compensable), or that either defendant is facing imminent bankruptcy or in any way in a "perilous financial state."[19] With the possibility of irreparable harm removed from the equation, Hudson Liberia respectfully suggests that the Court would not have entered a stay in favor of Castleton; therefore, the Court should reconsider its Order and vacate the stay pending appeal.

### C. Castleton's "authorities" do not support its arguments.

In its order this Court noted it had "reviewed the Parties' arguments and the applicable law" and found that issuance of a stay was warranted. But Hudson Liberia offered no arguments,

---

[16] *Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 528 F.Supp.2d 186, 194 (S.D.N.Y. 2007) (italics in original; internal citations omitted).

[17] *Id.*

[18] Instead of offering evidence to support its position, Castleton wrote in self-serving fashion that the potential loss of security is "especially concerning in light of Castleton's alter ego claim against the non-resident HSL Liberia." Such a position is baseless considering that Castleton has no claim against Hudson Liberia; instead, Castleton's claims in London arbitration are strictly against HSL Shipping, which the record shows has been organized and doing business as a domestic U.S. company for more than ten (10) years.

[19] *Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 528 F.Supp.2d 186, 194 (S.D.N.Y. 2007) (citations omitted).

as this Court ruled too promptly. As set forth below, Castleton's "authorities" do not support its position, or this Court's ruling, regarding a stay.

Specifically, Castleton cited three "decisions" for the proposition that "[t]he loss of this pre-judgment security would cause Castleton irreparable harm." First, Castleton cited *Eitzen Bulk A/S v. Capex Industries, Ltd.,* suggesting that it was a Second Circuit decision from June 9, 2009, that supported Castleton's claim of irreparable harm.  In fact, the citation points only to a docket entry which provides, in full:

> 6/9/09 Appellant, thorugh [sic] counsel, moves for a stay of the district court`s order vacating in part an order of maritime attachment. Upon due consideration, it is hereby ORDERED that the motion is GRANTED. See McCue v. City of New York (In re: World Trade Ctr. Disaster Site Litig.) 503 F. 3d 167, 170 (2nd Cir. 2007). The Clerk`s office shall issue an expedited briefing schedule, with argument to be scheduled (at the earliest) sometime after July 5, 2009. (DJ, Chief Judge, ALK, RDS, Circuit Judges. Endorsed by: RA.) [Entry date Jun 9 2009 ] [HT].[20]

The one case referenced by the Second Circuit's docket entry, *McCue*, makes no mention of "security" – making it questionable authority indeed for Castleton's statement that "loss of this pre-judgment security would cause Castleton irreparable harm" – and instead found irreparable harm where further litigation in the district court would prejudice several government entities claiming sovereign immunity from suit.[21]

Castleton next cited the Second Circuit's "decision" in *Centauri Shipping Ltd. v. Western Bulk Carriers KS* for the same proposition. Again, the citation points to a docket entry which contains no discussion of irreparable harm, nor does it "overrule" a district court order:

---

[20] Because the Second Circuit's statement is not readily available and is difficult to access through the Second Circuit's docketing system, a copy of the docket is attached as Exhibit 1.

[21] *See McCue v. City of New York (In re: World Trade Ctr. Disaster Site Litig.)*, 503 F. 3d 167, 170 (2d Cir. 2007).

7

> 1/30/08 Order FILED GRANTING motion stay by Appellant Centauri Shipping Ltd., endorsed on motion dated 10/17/2007. Upon due consideration, it is hereby ORDERED that the motion is GRANTED. Appellees request an order requiring appellant to post a supersedeas bond in the amount of the surety bond. Upon due consideration, it is hereby ORDERED that the request is DENIED without prejudice to refiling after appellees first request such relief from the district court. Before: Hon. John M. Walker, Hon. Guido Calabresi, Hon. Reena Raggi, Circuit Judges. For the court by, Franklin Perez, Operations Anaylist. [Entry date Jan 30 2008 ] [KR].[22]

Finally, Castleton cited the Supreme Court decision in *Swift & Co. Packers v. Compania Columbiana Del Caribe, S.A.*, 339 U.S. 684, 689 (1950). The Court in *Swift* was concerned only with whether the order vacating the attachment was a "final order" under 28 U.S.C. § 1291 and, therefore, whether appellate courts had jurisdiction over the appeal; as with Castleton's other authorities for the proposition that it will suffer "irreparable harm absent a stay," the Supreme Court's decision makes no mention of the terms "irreparable harm" or "stay."[23] In short, the authorities cited by Castleton do not support this Court's ruling.

**D.    The finding that Hudson Liberia will not suffer harm is based on Castleton's misrepresentation.**

In its motion, Castleton argued that "[a] stay will not substantially harm Defendants, who have not posted cash or a bond as security, but only the LOU – a promise to pay. Permitting Castleton to retain the LOU pending the appeal costs Defendants nothing." That is simply not true, and Castleton offers no proof. This Court adopted Castleton's position nevertheless, finding

---

[22] *See* Docket Sheet, attached as Exhibit 2.

[23] *Swift & Co. Packers v. Comapnia Columbiana Del Caribe, S.A.*, 339 U.S. 684, 689 (1950).

that "because the security is a Letter of Undertaking rather than cash or other property, the Defendants will not suffer irreparable harm as a result of the stay."[24]

In fact, as evidenced in the attached letter from Assuranceforeningen SKULD and the LOU (Exhibit 3), in order to counter-secure the LOU obligations, Hudson Liberia was required to make a cash deposit with SKULD of $570,000, which included a $30,630 uplift for costs as the LOU was only for $539,370.  This is a common-place requirement imposed by insurers that certainly Castleton, as a sophisticated player in international trade, should have known about, making it irresponsible (at best) for Castleton to represent to the Court that the LOU was a mere "promise to pay" without substantial financial backing. Contrary to Castleton's representation (and the Court's finding based on that representation), Hudson Liberia is deprived of $570,000 of operating capital so long as the LOU remains outstanding. The burden this imposes on Hudson Liberia is particularly onerous given that Hudson Liberia is not a party to the LMAA arbitration that Castleton seeks to secure and has no involvement whatsoever in the underlying dispute. Rather, Hudson Liberia's involvement arises only from Castleton's skeletal allegation that it is the alter ego of HSL Shipping.

Hudson Liberia is also harmed by the imposition of a stay to the extent it gives the outward appearance that Castleton's claim against Hudson Liberia has substantial merit.  In that regard, Hudson Liberia urges the Court to consider that even since the Court vacated the writ of attachment on the basis of the Contracts being non-maritime, Castleton has: (1) refused to

---

[24] The *Ruiz I* standard for determining whether a stay pending appeal is warranted does not require that the injury to the party opposing a stay be "irreparable", as the Court's finding implies.  Rather, the Fifth Circuit's standard only asks whether the non-movant will be "substantially harmed" by a stay.  To the extent the Court based its determination on "irreparable harm" – *i.e.*, harm that cannot be compensated monetarily – the Order misapplied the relevant standard and should be reconsidered.

9

recognize the *res judicata* effect of that decision in parallel litigation between the parties;[25] and (2) harassed Hudson Liberia's business partners and potential partners by threatening to attach any other cargo/bunkers of Hudson Liberia that enter U.S. territorial waters.[26] This has had a chilling effect on Hudson Liberia's business, which Hudson Liberia is concerned will only increase when Castleton inevitably represents any stay the Court issues as a sign that the Court finds merit in Castleton's claims against Hudson Liberia. As Castleton has chosen to involve innocent third-party ship owners in its dispute with HSL Shipping (just as it has involved Hudson Liberia, itself an innocent third-party), the Court should consider the harmful effect of that strategy on Hudson Liberia when deciding whether Castleton should enjoy a stay pending appeal.

### III.  A stay is likely to injure Hudson Liberia.

As addressed above, of the four requirements to be considered in evaluating Castleton's motion to stay pending appeal, the Court made substantive findings on only two – irreparable harm to Castleton and lack of substantial injury to Hudson Liberia. Of those two, the issue of substantial injury to Hudson Liberia was based on incorrect information provided by Castleton which is now fully and conclusively rebutted in the record. That error, coupled with the fact that Castleton's motion for stay was granted three full weeks prior to the submission date and prior to either of the defendants having filed a response or received notice that the motion would be decided on an expedited basis, resulted in prejudice and substantial injustice to Hudson Liberia; if left undisturbed, the stay will result in the retention of the SKULD LOU, which will in turn

---

[25] *See* Castleton's Motion to Stay Proceedings and Response to Supplemental Memorandum on Res Judicata, attached as Exhibit 4.

[26] *See* Emails attached as Exhibit 5. Notably, Castleton has also explicitly advised Hudson Liberia that it will proceed with further Admiralty Rule B attachments while its appeal is pending despite the *res judicata* order holding that the Contracts are non-maritime. *See* Email attached as Exhibit 6.

10

result in the continued retention by SKULD of $570,000 in cash required as counter-security for the LOU. As a result, this Court should vacate its order granting Castleton a stay and reconsider that request in light of a complete record, which shows that Castleton: (a) has not demonstrated a likelihood of success on the merits, (b) has not shown any harm that would not be compensable by a monetary award; and (c) cannot rebut that the LOU in this case represents actual money that is restrained as a result of the stay. Such a record leaves little question that Castleton's motion for stay should have been, and should be, denied.

At the very least, this Court should not have granted a stay pending appeal except upon two conditions. First, Castleton should file a notice of appeal. Second, Castleton should have to post adequate security as a condition of any stay. Both are requirements of Federal Rule of Civil Procedure 62(c), which applies to this proceeding under Rule A(2). *See* Fed. R. Civ. P. 62(c) ("*While an appeal is pending* from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction *on terms for bond or other terms that secure the opposing party's rights.*" (emphasis added)); *cf. id.* 62(d) ("*If an appeal is taken*, the appellant *may obtain a stay by supersedeas bond*, except in an action described in Rule 62(a)(1) or (2). The bond may be given *upon or after filing the notice of appeal . . . . The stay takes effect when the court approves the bond*." (emphasis added)).

### IV.   Alternatively, this Court should grant only a limited 10-day stay.

In the further alternative, Hudson Liberia suggests that because the Court has already ruled that it lacks subject matter jurisdiction and because this case appears destined to continue in the Fifth Circuit, it would be appropriate to allow the Fifth Circuit to determine whether a stay pending appeal is warranted. The Court did precisely that in *Farencro Shipping Co. v. Farencro Shipping Pte. Ltd.*, by granting a very short stay (four days) to the plaintiff after vacating an

11

Admiralty Rule B attachment upon identical grounds, *i.e.*, a determination that the underlying claim was not maritime.[27] The Court granted the defendant's motion to vacate and to dismiss for lack of subject matter jurisdiction on November 15, 2012, and in doing so wrote:

> The Court will briefly stay execution of this Order to allow Plaintiff to seek emergency relief, and possibly a stay, with the court of appeals. This Order will become executory on Monday, November 19, 2012, at 4:00 p.m., at which time the Marshal or current custodian shall relinquish control of the vessel.[28]

In the alternative to vacating the stay outright and with immediate effect – which Hudson Liberia believes is appropriate given Castleton's failure to meet the required standard – the Court could simply modify its Order to provide a stay only for a short period of 10 days so that Castleton can apply to the Fifth Circuit for a lengthier stay.

Respectfully submitted,

/s/ Craig D. Dillard
Craig D. Dillard
Louisiana Bar No. 29150
1000 Louisiana, Suite 2000
Houston, Texas 77002-4086
(713) 276-5500 (Telephone)
(713) 276-5555 (Facsimile)
cdillard@gardere.com

ATTORNEY IN CHARGE FOR
HUDSON SHIPPING LINES, INC.

OF COUNSEL:
Peter A. McLauchlan (pro hac vice)
Texas Bar No. 24027837
Anacarolina Estaba (pro hac vice)
Texas Bar No. 24085298
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 2000
Houston, Texas 77002-4086
Tel:   713-276-5500
Fax:   713-276-5555
pmclauchlan@gardere.com
aestaba@gardere.com

---

[27] *Farencro Shipping Co. v. Farencro Shipping Pte. Ltd.*, 12-2544, 2012 U.S. Dist. LEXIS 163469, *5-6 (E.D.La. Nov. 15, 2012).

[28] *Id.* at *9-10.

## Certificate of Service

      I certify that on September 8, 2016, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

/s/ Craig D. Dillard
Craig D. Dillard

Gardere01 - 9415955v.3